Karl R. Lindegren, Bar No. 125914
klindegren@fisherphillips.com
Spencer W. Waldron, Bar No. 284029
swaldron@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone (949) 851-2424
Facsimile (949) 851-0152

Attorneys for Defendant, INTERWEST CONSULTING GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY BECK, an Individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>INTERWEST CONSULTING GROUP, INC., a Colorado Corporation; and DOES 1-50, Inclusive,<br><br>                    Defendants. | Case No.<br><br>*[Removed from Orange County Superior Court, Case No. 30-2016-00850508-CU-WT-CJC]*<br><br>**DEFENDANT INTERWEST CONSULTING GROUP, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332, AND 1441**<br><br>Complaint Filed: May 5, 2016<br>Trial Date:       N/A |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF SHERRY BECK AND HER RESPECTIVE COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Defendant INTERWEST CONSULTING GROUP, INC. (hereafter "Defendant") hereby removes the above-captioned action, *Sherry Beck v. Interwest Consulting Group, Inc., a Colorado Corporation, and Does 1-50, inclusive*, Case No. 30-2016-00850508-CU-WT-CJC from the

DEFENDANT'S NOTICE OF REMOVAL

FPDOCS 31783717.1

Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California.  This removal is based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1331, 1332, and 1441(a)–(c).  Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) (emphasis added).  Defendant will provide evidence to support the allegations of this pleading as required in response to any challenged to the Court's jurisdiction.[1]

## I.

## VENUE

1.    Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Central District of California, is the federal judicial district embracing the Superior Court in Orange County, California in which the State Court action was originally filed.

## II.

## SERVICE ON THE STATE COURT

2.    Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal, will be filed with the Clerk of the Orange County Superior Court.

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).  *See also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'").

DEFENDANT'S NOTICE OF REMOVAL

FPDOCS 31783717.1

3. Likewise, proof of service of Defendant's Notice to Superior Court and to Adverse Party of Removal to the United States District Court for the Central District of California will be filed with this Court immediately.

### III.

### COMPLIANCE WITH STATUTORY REQUIREMENTS

4. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders in the state court file are attached hereto as Exhibits A and B.

### IV.

### TIMELINESS OF THE REMOVAL

5. On May 5, 2016, Plaintiff Sherry Beck ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the county of Orange entitled, *Sherry Beck v. Interwest Consulting Group, Inc. a Colorado Corporation; and DOES 1-50, inclusive,* designated as Case No. 30-2016-00850508-CU-WT-CJC (hereinafter "Complaint"). A true and correct copy of Plaintiff's Summons and Complaint is attached hereto as Exhibit A.

6. The Complaint alleges three causes of action against Defendant for (1) an Interference with the Right to Medical Leave and Reinstatement in Violation of 29 U.S.C. §§ 2601, *et seq*.; (2) Interference with the Right to Medical Leave and Reinstatement in Violation of Government Code § 12945.2; and (3) Wrongful Termination in Violation of Public Policy. *See id*.

7. Defendant was served with the Summons and Complaint on May 12, 2016 via personal service. On June 8, 2016, Defendant filed an Answer and Affirmative Defenses to Plaintiff's Complaint, a true and correct copy of which is attached hereto as Exhibit B.

8. This Notice of Removal is timely because it is being filed within thirty days of when Defendant was served with a copy of the Complaint. 28 U.S.C. §1446(b)(2)(B).

DEFENDANT'S NOTICE OF REMOVAL

FPDOCS 31783717.1

## V.

## <u>FEDERAL QUESTION JURISDICTION EXISTS</u>

9.     This Court has original jurisdiction over this matter because it arises under the laws of the United States. 28 U.S.C. § 1331.

10.    "The district courts shall have original jurisdiction of all actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  In deciding whether a suit arises under federal law, the district court must abide by the "well-pleaded complaint" rule, under which a suit arises under federal law only when the plaintiff's statement of his/her own cause of action shows that it is based on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

11.    This case plainly arises under federal law. Plaintiff's Complaint refers to and arises out of alleged violations of a federal statute, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*.  Specifically, Plaintiff alleges that Defendant interfered with Plaintiff's right to medical leave and reinstatement in violation of 29 U.S.C. § 2601, *et seq*. *See* Complaint at ¶¶ 34-45.

12.    The two other claims for relief under California statutory and common law are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a), because they are so related to the FMLA claim that they form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's other state law claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F. 3d 850, 855 (9th Cir. 2004).  Jurisdiction is thus appropriate for all of Plaintiff's claims that are related to the federal claim.

///

///

///

4

DEFENDANT'S NOTICE OF REMOVAL

FPDOCS 31783717.1

# VI.

## <u>DIVERSITY JURISDICTION EXISTS</u>

13.     The Complaint, and the alleged single cause of action contained therein, may also be properly removed on the basis of diversity of citizenship jurisdiction, because this civil action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

**A.     There Is Diversity of Citizenship**

14.     Based upon information and belief, Plaintiff is now, and was at the time this action was commenced, a citizen of the state of California within the meaning of 28 U.S.C. section 1332(a), because her place of residence and domicile is and was within the state of California, county of Orange.   See Complaint at ¶ 5.

15.     Defendant is now, and was at the time this action was commenced, a citizen of the state of Colorado, within the meaning of 28 U.S.C. §1332(c)(1) because it was incorporated in Colorado and maintains, and at all material times has maintained, its principle place of business at 1505 Patton Drive, Boulder, Colorado, 80303.

16.     Defendant directs, controls, and coordinates the corporation's activities from its principal place of business in the state of Colorado.  Therefore, Plaintiff and Defendant are citizens of different states for purposes of diversity jurisdiction.  28 U.S.C. 1332(d)(2); *see Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183-1185 (2010).

17.     Defendant Does 1 through 50 are unnamed and unknown, and therefore have not been served with Plaintiff's Summons and Complaint. *See* 28 U.S.C. § 1441(a) ("For the purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded.") *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

DEFENDANT'S NOTICE OF REMOVAL

FPDOCS 31783717.1

**B.      The Amount In Controversy Exceeds $75,000.00**

18.    The amount in controversy includes claims for general and special damages, penalties, and attorney's fees if recoverable by statute or contract, and punitive damages. *E.g.*, *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995); *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242 at *4-5 (N.D. Cal., 1997).

19.    "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In measuring the amount in controversy, 'a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Korn v. Polo Ralph Lauren Corporation*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (*quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2nd 993, 1001 (C.D. Cal. 2002).

20.    In assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (quoting *Jackson v. American Bankers Insurance Co.*, 976 F. Supp. 1450, 1454 (S.D. Alabama 1997)). The inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

21.    A demand for payment by the plaintiff is admissible and sufficient to establish the amount in controversy. *See Molina v, Lexmark Int'l, Inc.*, No. CV0804796MMMFMX, 2008 WL 4447678, at *12 (C.D. Cal. Sept. 30, 2008) ("numerous courts, including the Ninth Circuit, have concluded that Rule 408 does not make settlement offers inadmissible in the removal context as evidence of the amount in controversy"; "neither the mediation privilege . . . nor the

6

FPDOCS 31783717.1

general duty of mediation confidentiality entitled [defendant] to refrain from removing based on information learned from documents exchanged during mediation). *See also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ("We have held that a demand letter sent during the course of the state court action can constitute 'other paper' within the meaning of section 1446(b)").

22.    On February 2, 2016, prior to initiating formal legal proceedings, Plaintiff, through counsel, sent a demand letter to counsel for Defendant, wherein Plaintiff made a monetary demand in the amount of $80,000.  Accordingly, Plaintiff has placed in controversy an amount exceeding $75,000.00, exclusive of costs and interest.

## VI.

## DIVERSITY JURISDICTION EXISTS

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the county of Orange to this Court.

Date: June 10, 2016                         FISHER & PHILLIPS LLP


By:    /s/ SPENCER W. WALDRON
KARL R. LINDEGREN
SPENCER W. WALDRON
Attorneys for Defendant,
INTERWEST CONSULTING
GROUP, INC.

7

DEFENDANT'S NOTICE OF REMOVAL

FPDOCS 31783717.1

### <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of FISHER & PHILLIPS LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California, 92614.

On June 10, 2016, I served the foregoing document entitled **DEFENDANT INTERWEST CONSULTING GROUP, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332, AND 1441,** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof addressed as follows:

Alreen Haeggquist                    Attorney for Plaintiff, SHERRY BECK
Aaron M. Olsen
Zeldes Haeggquist & Eck, LLP
225 Broadway, Suite 2050
San Diego, CA 92101
T: (619) 342-8000
F: (619) 342-7878
alreenh@zhlaw.com
aarono@zhlaw.com

☒ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by PERSONAL SERVICE]** I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Corporate Services, Inc., whose business address is: 17817 Gillette Avenue, Irvine, California, 92614.

☐ **[by ELECTRONIC SERVICE]** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 10, 2016, at Irvine California.

Spencer W. Waldron                    By: /s/ Spencer W. Waldron
_____                    _____
         Print Name                                              Signature

---

PROOF OF SERVICE

FPDOCS 31783717.1