1  Karl R. Lindegren, Bar No. 125914
   klindegren@fisherphillips.com
2  Spencer W. Waldron, Bar No. 284029
   swaldron@fisherphillips.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone (949) 851-2424
5  Facsimile (949) 851-0152

6  Attorneys for Defendant, INTERWEST CONSULTING GROUP, INC.

7  Alreen Haeggquist, Bar No. 221858
   Alreenh@zhlaw.com
8  Aaron M. Olsen, Bar No. 259923
   Aarono@zhlaw.com
9  ZELDES HAEGGQUIST & ECK, LLP
   225 Broadway, Suite 2050
10 San Diego, CA 92101
   Telephone (619) 342-8000
11 Facsimile (619) 342-7878

12 Attorneys for Plaintiff, SHERRY BECK

13

14              UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  SHERRY BECK, an Individual, | Case No. 8:16-cv-01084-JLS-DFM |
| 18                    Plaintiff, | Assigned for all Purposes to Honorable Josephine L. Staton |
| 19        vs. | Court Room 10-A |
| 20  INTERWEST CONSULTING GROUP, INC., a Colorado Corporation; and | **JOINT RULE 26(f) REPORT** |
| 21  DOES 1-50, Inclusive, | |
| 22                    Defendants. | Date:        July 13, 2016 |
| 23 | Time:        3:00 p.m. |

24

25

26

27

28

JOINT RULE 26(f) REPORT

Plaintiff Sherry Beck ("Plaintiff") and Defendant Interwest Consulting Group, Inc. ("Defendant"), by and through their counsel of record, submit the following Joint Case Management Conference/Rule 26(f) Report in preparation for the scheduling conference to be held on August 5, 2016, at 1:30 p.m.

Pursuant to *Federal Rules of Civil Procedure* Rule 26(f), counsel for the parties conferred regarding case management, the nature of the parties' claims and defenses, and possible settlement, to develop a discovery plan and prepare the joint report to the Court, and to make arrangements for the required Initial Disclosures between the parties. Alreen Haeggquist participated in the conference on behalf of Plaintiff. Spencer W. Waldron participated on behalf of Defendant. Pursuant to *Federal Rules of Civil Procedure* Rule 26, the parties agreed to exchange initial disclosures on or before July 29, 2016. In addition, the parties submit their views and proposals concerning the following topics:

## A.   STATEMENT OF THE CASE:

### 1.   Procedural Background, Jurisdiction, and Service

On May 5, 2016, Plaintiff filed a Complaint in the Superior Court of the State of California for the county of Orange entitled, *Sherry Beck v. Interwest Consulting Group, Inc. a Colorado Corporation; and DOES 1-50, inclusive,* designated as Case No. 30-2016-00850508-CU-WT-CJC. The Complaint alleges three causes of action against Defendant for (1) an Interference with the Right to Medical Leave and Reinstatement in Violation of 29 U.S.C. §§ 2601, *et seq.*; (2) Interference with the Right to Medical Leave and Reinstatement in Violation of Government Code § 12945.2; and (3) Wrongful Termination in Violation of Public Policy.

Defendant was served with the Summons and Complaint on May 12, 2016 via personal service. On June 8, 2016, Defendant filed an Answer and Affirmative Defenses to Plaintiff's Complaint. On June 10, 2016, Defendant removed the case from state court to federal court based on diversity of citizenship and federal question.

FPDOCS 31907539.1

### 2.    Plaintiff's Allegations

Plaintiff alleges that she was a dedicated and hard-working employee, who consistently and competently performed her job, up until she was wrongfully terminated by the Defendant. Unfortunately, after Plaintiff took leave under the Family Medical Leave Act ("FMLA") and under the California Family Rights Act ("CFRA") to adopt a child, Defendant interfered with Plaintiff's rights, failed to restore Plaintiff to her same, or an equivalent position, and instead terminated Plaintiff's employment prior to the expiration of her protected leave. The stated reason for Plaintiff's termination was pretext for Defendant's unlawful retaliation against Plaintiff for taking protected FMLA and CFRA leave.  Plaintiff alleges she has suffered damages due to the wrongful termination of her employment.

### 3.    Defendant's Contentions

Defendant denies Plaintiff's allegations in their entirety and denies that she has suffered any damages as a result of any alleged wrongdoing by Defendant. Defendant contends that it did not interfere with Plaintiff's leave, and Plaintiff's termination was based on reasonable factors other than Plaintiff exercising her right to take a leave of absence, and was otherwise lawful.

## B.    LEGAL ISSUES:

### 1.    Plaintiff's Position on Key Legal Issues

Plaintiff contends that the key legal issues in this case are as follows:

- Whether Defendant interfered with Plaintiff's right to medical leave and reinstatement under the FMLA and CFRA.
- Whether Defendant wrongfully terminated Plaintiff in violation of public policy.
- Whether Defendant failed to restore Plaintiff to her same, or an equivalent position.
- Whether the stated reason for Plaintiff's termination was pretext for Defendant's unlawful retaliation against Plaintiff for taking

FPDOCS 31907539.1

authorized FMLA and CFRA leave.

- Whether and to what extent Plaintiff suffered damages, including damages for loss of wages and benefits and emotional distress.
- Whether Defendant acted with oppression, fraud, malice, and with conscious disregard for the rights of Plaintiff.

### 2.    Defendant's Position on Key Legal Issues

Defendant contends that the key legal issues in this case are as follows:

- Whether Defendant provided Plaintiff with the requisite leave under FMLA and CFRA.
- Whether Defendant interfered with Plaintiff's leave under the Family Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA").
- Whether Defendant terminated Plaintiff in violation of public policy.
- Whether Plaintiff suffered any damages as a result of Defendant's alleged actions.
- Whether Plaintiff suffered emotional distress as a result of Defendant's alleged actions and/or failures to act.
- Whether Plaintiff has reasonably mitigated her damages, if any.
- Whether Plaintiff can recover any damages from Defendant for the alleged acts and/or failures to act.

## C.    DAMAGES:

Plaintiff contends she is entitled to damages from Defendant. Plaintiff seeks compensatory damages related to lost wages, benefits and emotional distress, as well as liquidated damages under the FMLA. Plaintiff further seeks punitive and exemplary damages based upon allegations that Defendant acted with oppression, fraud, malice, and with conscious disregard for the rights of Plaintiff. The amount of damages will be determined according to proof at the time of trial. Finally, Plaintiff seeks her right to reimbursement for attorneys' fees, expert witness fees,

1  and costs associated with this action.

2       Defendant contends that Plaintiff is not entitled to any damages.  Defendant

3  reserves all rights to seek reimbursement of its fees and costs associated with

4  defending against Plaintiff's claims.

5  **D.**    **INSURANCE COVERAGE:**

6       Defendant has Employment Practices Liability Insurance, $1,000,000.

7  Defendant is not aware of any reservation of rights at this time.

8  **E.**    **MOTIONS:**

9       Plaintiff reserves her right to seek leave to file an amended complaint to

10 assert additional causes of action or to add new or additional parties following initial

11 disclosures and discovery.

12      Defendant reserves its rights to seek leave to file an amended answer and

13 assert additional affirmative defenses following initial disclosures and discovery.

14 **F.**    **MANUAL FOR COMPLEX LITIGATION:**

15      This is not a complex case.  The Parties do not believe the Manual for

16 Complex Litigation should be utilized in this case.

17 **G.**    **STATUS OF DISCOVERY:**

18      Plaintiff has propounded a Request for Production of Documents, Request

19 for Admissions, and Special Interrogatories.  Defendant has propounded a Request

20 for Production of Documents.  No depositions have been taken.

21 **H.**    **INITIAL DISCLOSURES, DISCOVERY AND EXPERTS:**

22     **1.**    **Initial Disclosures.**

23      The parties have agreed to the mutual exchange of initial disclosures on or

24 before Friday, July 29, 2016.

25     **2.**    **Preservation of discoverable information.**

26      Each Party has made appropriate arrangements for the preservation of

27 discoverable information.

28 ///

### 3.     Discovery Plan.

With respect to the discovery plan required to be stated herein under Fed. R. Civ. P. 26(f)(3), the Parties state the following:

A.     <u>Plaintiff's Subjects On Which Discovery May Be Needed</u>.

Without prejudice to her rights to seek discovery on any relevant issue, Plaintiff contemplates that she will need and seek discovery to support the basis for her claims, including the allegations related to interference with her right to take protected leave and her right to reinstatement and allegations related to wrongful termination. Plaintiff contemplates further that she will need and seek discovery concerning the basis for Defendant's affirmative defenses to Plaintiff's causes of action.

B.     <u>Defendant's Subjects on Which Discovery Will be Needed</u>.

Without prejudice to its rights to seek discovery on any relevant issue, Defendant contemplates that it will need and seek discovery concerning the basis of Plaintiff's claims, theories of liability and damages, specifically including but not limited to: Plaintiff's claims for wrongful termination, interference with Plaintiff's leave; plaintiff's alleged emotional distress; plaintiff's attempts to mitigate her damages, if any; Defendant's defenses to each cause of action remaining in the Complaint, and any and all factual, evidentiary, and legal support.

C.     <u>Agreed Upon Methods of Discovery; Timing</u>.

While initial discovery is in progress, the Parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiff and other witnesses.

### 4.     Electronically Stored Information.

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI").  The Parties currently do not anticipate

FPDOCS 31907539.1

that any particular issues regarding ESI will arise.

**5.     Claims of Privilege / Protection of Trial Material.**

The Parties currently do not anticipate that any particular issues regarding claims of privilege or of protection as trial-preparation materials will arise. However, Plaintiff believes that a protective order, may be necessary and appropriate in this case.

**6.     Changes To Discovery Imposed By The FRCP Or Local Rule.**

The Parties do not anticipate any changes to the discovery limits imposed by the *Federal Rules of Civil Procedure*.  Should additional discovery beyond what is allowable under the *Federal Rules of Civil Procedure* be necessary, the Parties agree to meet and confer in good faith to resolve the issues.  Should the Parties be unable to resolve discovery issues, both Parties reserve their right to bring matters before the Court.

**I.     DISCOVERY CUT-OFF:**

As indicated in Section P below, the Parties agree that a cut-off date for the completion of discovery and the hearing of discovery motions shall be January 24, 2017.  Moreover, the Parties agree that initial expert witness disclosures under Fed. R. Civ. P. 26(a)(2) will be made by February 7, 2017.

**J.     DISPOSITIVE MOTIONS:**

Defendant will likely file a motion for summary judgment and/or summary adjudication of issues following written discovery and Plaintiff's deposition.

**K.     SETTLEMENT:**

The parties have met and conferred, and have agreed to use Settlement Procedure No. 2 (Court Mediation Panel) or No. 3 for this matter (Private Mediation).  The parties anticipate selecting a mediator and a mediation date by or shortly after the August 5, 2016 scheduling conference.

**L.     TRIAL ESTIMATE:**

Plaintiff requests a jury trial.  The parties estimate the length of trial to be

FPDOCS 31907539.1

five to seven days, but may need to revise this estimate following discovery.

Without waiving its right to revise this estimate, Plaintiff estimates calling between five (5) and ten (10) witnesses at trial, not including expert or rebuttal witnesses.  Without waiving its right to revise this estimate, Defendant estimates calling between five (5) and ten (10) witnesses at trial, not including expert or rebuttal witnesses.

**M.     TRIAL COUNSEL:**

For Plaintiff, the case shall be tried by Alreen Haeggquist and Aaron M. Olsen.  For Defendant, the case shall be tried by Karl R. Lindegren and Spencer W. Waldron.

**N.     INDEPENDENT EXPERT OR MASTER:**

The Parties do not believe that the appointment of a special master is necessary for this matter.

**O.     OTHER ISSUES:**

At this time, the Parties do not believe that any other orders are necessary under Federal Rules of Civil Procedure, Rule 16(b), (c), or 26(c).

**P.     PROPOSED SCHEDULE OF TRIAL AND PRE-TRIAL DATES:**

The Parties propose the following schedule of pre-trial and trial dates:

| Matter | Weeks Before Trial | Parties' Proposal | Court |
|---|---|---|---|
| Last to Amend Pleadings or Add Parties | 60 days from Sch. Conf. | October 3, 2016 | |
| Fact Discovery Cut-Off | 21 | January 24, 2017 | |
| Last Day to Serve Initial Expert Reports | 19 | February 7, 2017 | |

JOINT RULE 26(f) REPORT

FPDOCS 31907539.1

| Matter | Weeks Before Trial | Plaintiff's Proposal | Defendant's Proposal | Court |
|---|---|---|---|---|
| Last Day to File Motions (Except *Daubert* and all other Motions in Limine) | 19 | February 7, 2017 | February 7, 2017 | |
| Last Day to Serve Rebuttal Expert Reports | 15 | March 7, 2017 | March 7, 2017 | |
| Last Day to Conduct Settlement Proceedings | 12 | March 28, 2017 | March 28, 2017 | |
| Expert Discovery Cut-Off | 11 | April 4, 2017 | April 4, 2017 | |
| Last Day to File *Daubert* Motions | Expert Disc. Cut-Off plus 7 days | April 11, 2017 | April 11, 2017 | |
| Last Day to File Motions in Limine (excluding *Daubert* Motions) | Final Pre-Trial Conf. Date less 28 days | April 28, 2017 | April 28, 2017 | |
| Final Pre-Trial Conference (Friday at 1:30 p.m.) | 3 | May 26, 2017 | May 26, 2017 | |
| Exhibit Conference (Friday at 3:30 p.m.) | Friday before trial | June 16, 2017 | June 16, 2017 | |

///
///
///
///
///

9

FPDOCS 31907539.1

| Matter | Weeks Before Trial | Plaintiff's Proposal | Defendant's Proposal | Court |
|---|---|---|---|---|
| Trial: Jury or Court (Tuesday at 9:00 a.m.) | | June 20, 2017 | June 20, 2017 | |

Date: July 22, 2016                    FISHER & PHILLIPS LLP


                                By:    /s/ SPENCER W. WALDRON
                                       KARL R. LINDEGREN
                                       SPENCER W. WALDRON
                                       Attorneys for Defendant,
                                       INTERWEST CONSULTING
                                       GROUP, INC.

Date: July 22, 2016                    ZELDES HAEGGQUIST & ECK,
                                       LLP


                                By:    /s/ ALREEN HAEGGQUIST
                                       ALREEN HAEGGQUIST
                                       AARON M. OLSEN
                                       Attorneys for Plaintiff,
                                       SHERRY BECK

JOINT RULE 26(f) REPORT

FPDOCS 31907539.1

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of FISHER & PHILLIPS LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California, 92614.

On July 22, 2016, I served the foregoing document entitled **JOINT RULE 26(f) REPORT,** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof addressed as follows:

Alreen Haeggquist                           Attorney for Plaintiff,
Aaron M. Olsen                              SHERRY BECK
Zeldes Haeggquist & Eck, LLP
225 Broadway, Suite 2050
San Diego, CA 92101
T: (619) 342-8000
F: (619) 342-7878
alreenh@zhlaw.com
aarono@zhlaw.com

☐       **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐       **[by PERSONAL SERVICE]** I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Corporate Services, Inc., whose business address is: 17817 Gillette Avenue, Irvine, California, 92614.

☒       **[by ELECTRONIC SERVICE]** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

☒       **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 22, 2016, at Irvine California.

Spencer W. Waldron                    By:  /s/ Spencer W. Waldron
_____                _____
Print Name                                         Signature